In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00005-CR
_____


IN RE STEVEN J. STRINGFELLOW

_____

Original Proceeding
County Court at Law No. 4 of Montgomery County, Texas
Trial Cause Nos. 24-388312 and 24-388313
_____

MEMORANDUM OPINION

In a petition for a writ of mandamus, Steven J. Stringfellow asks for relief in the form of the dismissal of misdemeanor criminal cases for trespass and resisting arrest active in the County Court at Law Number 4 of Montgomery County, Texas.

Stringfellow argues the two criminal cases are connected to a civil eviction case. According to Stringfellow, a constable executed a writ of possession issued by the justice court after Stringfellow perfected an appeal de novo to the County Court at Law Number 6 of Montgomery County, Texas. According to Stringfellow, the

plaintiff announced a non-suit when the case was called to trial in the county court at law and the judge signed an order dismissing the suit.[1]

To obtain relief through a petition for mandamus in a criminal case, the relator must show that he does not have an adequate remedy by appeal and that he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Stringfellow contends execution on the writ of possession was unlawful and would somehow taint a prosecution for trespass or for resisting arrest. To the extent an execution on the writ of possession might be relevant to a prosecution or trespass or for resisting arrest, any issues thereon would be developed through evidence presented in a pre-trial hearing or in a trial in the criminal case, any errors relating to those matters could be preserved in the trial court, and if Stringfellow is convicted of either offense they could be presented as issues in an appeal. Stringfellow failed to establish that he lacks an adequate remedy

---

[1]Stringfellow's appeal from the judgment of the County Court at Law Number 6 is the subject of an active appeal in Appeal Number 09-24-00385-CV, *Stringfellow v. Khan*. Additionally, Stringfellow filed a civil suit against the landlord in the 284th District Court of Montgomery County. The dismissal of that case for want of prosecution is the subject of an active appeal in Appeal Number 09-24-00436-CV, *Stringfellow v. Khan*. This mandamus proceeding concerns only the criminal cases and we express no opinion regarding any issue that might arise in either civil appeal.

2

by appeal.[2] Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on February 4, 2025
Opinion Delivered February 5, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[2]We express no opinion here regarding the potential merit of any issues that might arise in an eventual appeal from a judgment of conviction in Trial Cause Numbers 24-388312 and 24-388313.